CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 6 2015

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES C. AUSTIN,<br>　　　Plaintiff, | Civil Action No. 7:15-cv-00371 |
| v. | MEMORANDUM OPINION |
| FREDERICK SCHILLING, et al.,<br>　　　Defendants. | By:　Hon. Michael F. Urbanski<br>　　　United States District Judge |

　　　James C. Austin, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983, naming various correctional and medical staff of Virginia Department of Corrections facilities as defendants. Plaintiff generally alleges that defendants failed to adequately treat his medical conditions, stole his property, and tortured him. In making these general allegations, Plaintiff lists buzzwords to construct his claims. For example, claim two reads, "Defendants are liable . . . for maliciously, deliberately abrogate and violate [sic] Plaintiff's legal rights (Eighth Amendment Constitution) violation) [sic] (not) to be subjected to cruel and unusual punishment (excessive force) when they lambaste (beat)[,] drubbed[,] fumigated (gas[s]ed), agonized, tortured, piqued, denuded, deluged, froze, gyved [sic], fettered, [and]] starved [Plaintiff] on numerous occasions." (Compl. 9.)

　　　The court must dismiss the complaint for failing to state a claim upon which relief may be granted.[1] The complaint fails to present "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing facts or statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

quotation marks omitted). Plaintiff cannot rely on mere lists of buzzwords, labels, and conclusions to state a claim. Id. Rather, he needs to state in short and plain terms what happened to him that he contends violated the Eighth Amendment. Furthermore, allegations that defendants intentionally or negligently deprived Plaintiff of his property do not state any constitutional claim if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 538-39 (1981), overruled in irrelevant part by Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Plaintiff possesses a post-deprivation remedy under Virginia law: the Virginia Tort Claims Act. See Va. Code § 8.01-195.3. Accordingly, the complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).[2]

ENTER: This 25th day of August, 2015.

/s/ Michael F. Urbanski
United States District Judge

---

[2] Moreover, the applicable limitations period for this action is two years, and Plaintiff's claims appear to have accrued more than two years before he filed the complaint.

2